UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Lucio Brahan ENRIQUEZ-Carrillo,<br>Ramiro BARRERA-Padilla,<br><br>Defendants. | Magistrate Docket No. '21 MJ2167<br><br>COMPLAINT FOR VIOLATION OF:<br>Title 8, U.S.C. Section 1324(a)(1)(A)(i) and (v)(II) – Attempted Bringing in of Aliens at Other Than a Port of Entry (Felony) |

The undersigned complainant, being duly sworn, states:

On or about April 11, 2021, within the Southern District of California, defendants Lucio Brahan ENRIQUEZ-Carrillo and Ramiro BARRERA-Padilla, with the intent to violate the immigration laws of the United States, knowing or in reckless disregard of the fact that certain aliens, namely, Carlos Alberto CABRERA-Gonzalez, Jairo Armando EVANGELISTA-Rodriguez and Cresencio SALAZAR-Gallardo, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said aliens at a place other than a designated Port of Entry or place other than as designated by the commissioner; in violation of Title 8, United States Code, Section 1324(a)(l)(A)(i) and (v)(II).

And the complainant further states that this complaint is based on the attached probable cause statement and amended probable cause statement, which are incorporated herein by reference.

Matthew R. Kucewicz
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON JUNE 14, 2021.

HON. ALLISON H. GODDARD
United States Magistrate Judge

CONTINUATION OF COMPLAINT:
Lucio Brahan ENRIQUEZ-Carrillo,
Ramiro BARRERA-Padilla

## AMENDED PROBABLE CAUSE STATEMENT

The complainant declares under the penalty of perjury that the following statement is true and correct:

The complainant states that Carlos Alberto CABRERA-Gonzalez, Jairo Armando EVANGELISTA-Rodriguez and Cresencio SALAZAR-Gallardo are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On June 11, 2021, Border Patrol Agent L. Perry was operating a Light Vehicle Surveillance System scope at the Point Loma Naval Base, Third Fleet, located in San Diego, California. At approximately 2:50 A.M., Agent Perry made a visual confirmation of a vessel that was moving in a northbound direction at a slow rate of speed. Agent Perry could see at least 10 individuals on board the vessel. Agent Perry relayed what he observed toother agents in the field and notified United States Coast Guard and Customs and Border Protection Air and Marine.

A Coast Guard vessel responded, and it made contact with a panga-style vessel that was traveling without any navigational lights activated. The Coast Guard vessel used spotlights and verbal communication to interdict the vessel. The vessel yielded, and the Coast Guard boarded the panga. The Coast Guard boarding crew found 16 individuals on board, including two later identified as the defendants, Lucio Brahan ENRIQUEZ-Carrillo (ENRIQUEZ) and Ramiro BARRERA-Padilla (BARERRA). All individuals and the panga were transported back to Ballast Point, Point Loma Naval Station, San Diego, California.

At approximately 4:15 A.M., Border Patrol Agent R. Devarie arrived at Ballast Point Naval Base where the 16 individuals aboard the panga were being held. This area is approximately 10 miles north of the United States / Mexico International Boundary and 12 miles west of the San Ysidro, California Port of Entry. Agent Devarie identified himself as a United States Border Patrol Agent and conducted an immigration inspection on all 16 individuals. Of the 16 individuals, 15 individuals, including ENRIQUEZ and BARRERA, and material witnesses Carlos Alberto

CONTINUATION OF COMPLAINT:
Lucio Brahan ENRIQUEZ-Carrillo,
Ramiro BARRERA-Padilla

CABRERA-Gonzalez (CABRERA), Jairo Armando EVANGELISTA-Rodriguez (EVANGELISTA) and Cresencio SALAZAR-Gallardo (SALAZAR) (collectively, "MWs"), stated that they are citizens of Mexico and did not possess any documents that would allow them to enter or remain in the United States legally.

At approximately 4:30 A.M., Agent Devarie placed these 15 individuals under arrest. One individual, the sixteenth, who did not understand the English or Spanish languages was detained and transported to the San Clemente Border Patrol Station to establish citizenship. At the station, the one remaining individual, using a Mandarin translator, claimed to be a citizen of China and stated that he did not possess any documents that would allow him to enter or remain in the United States legally. At approximately 7:03 A.M., Agent Devarie placed this individual under arrest.

In a post-*Miranda* statement, Defendant ENRIQUEZ initially stated he was paying $15,000 USD to be smuggled into the United States and did not know anything else. He then stated that he has attempted to cross into the United States by boat two previous times and that he was the captain of the panga interdicted by the U.S. Coast Guard in this event. ENRIQUEZ stated that their destination was La Jolla, California and that he was going to be paid $1,200 USD per person on board the panga. ENRIQUEZ stated that he threw a GPS device in the water before being arrested. ENRIQUEZ also stated that defendant BARRERA was co-captain of the vessel and BARRERA threw a cell phone in the water before they were arrested.

In a post-*Miranda* statement, defendant BARRERA initially stated that he was not smuggling others or driving the boat. He stated that he had arranged not to have to pay to be on the vessel here because he was friends with ENRIQUEZ and successfully pleaded with ENRIQUEZ to let him board the vessel. BARRERA stated that he and others on the boat had to lay face down, and if they got up, ENRIQUEZ would tell them to look down. Upon being shown a photographic array including photos of individuals on the vessel in this event, BARRERA identified ENRIQUEZ as the captain. BARRERA also said that ENRIQUEZ was at the back of the boat, while BARRERA was at the front of the boat.

MWs CABRERA, EVANGELISTA and SALAZAR admitted to being citizens of Mexico illegally present in the United States and not having any documents that would allow them to enter or remain in the United States legally. All MWs admitted to making smuggling arrangements and stated that they agreed to pay between $12,000 and $14,500 USD in smuggling fees. CABRERA and SALAZAR both stated that they

**CONTINUATION OF COMPLAINT:**
Lucio Brahan ENRIQUEZ-Carrillo,
Ramiro BARRERA-Padilla

feared for their lives because of the waves in the ocean.

All MWs were presented with a photo lineup of several individuals detained on the panga. CABRERA and EVANGELISTA identified defendant ENRIQUEZ as the captain and defendant BARRERA as the one who assisted in refueling the vessel. EVANGELISTA stated that ENRIQUEZ was using a GPS device while driving the boat and that BARRERA was giving directions and moving throughout the boat. SALAZAR was not able to identify anyone out of the photo lineup and said he did not know who the driver or guide were.

CONTINUATION OF COMPLAINT:
Lucio Brahan ENRIQUEZ-Carrillo,
Ramiro BARRERA-Padilla,

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

The complainant states that Carlos Alberto CABRERA-Gonzalez, Jairo Armando EVANGELISTA-Rodriguez and Cresencio SALAZAR-Gallardo are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On June 11, 2021, Border Patrol Agent R. Devarie was conducting assigned duties in the San Clemente Border Patrol Station's area of responsibility. Border Patrol Agent L. Perry was operating a Light Vehicle Surveillance System scope at the Point Loma Naval Base, Third Fleet, located in San Diego, California. At approximately 2:50 A.M., Agent Perry made a visual confirmation of a vessel that was moving in a northbound direction at a slow rate of speed. Agent Perry could see at least 10 individuals. Agent Perry relayed what he observed to other agents in the field and also notified United States Coast Guard and Customs and Border Protection Air and Marine.

A Coast Guard vessel responded and was able to make contact with a panga-style vessel that was traveling without any navigational lights activated. The Coast Guard vessel used spotlights and verbal communication to stop the panga. The panga yielded and the Coast Guard boarded the panga. The Coast Guard boarding crew found 16 individuals on board, including two later identified as the defendants, Lucio Brahan ENRIQUEZ-Carrillo and Ramiro BARRERA-Padilla. All individuals and the panga were transported back to Ballast Point, Point Loma Naval Station, San Diego, California.

At approximately 4:00 A.M., Border Patrol Agent R. Devarie was notified that the Coast Guard intercepted a vessel off of the coast of San Diego, California, and that they were en route to Ballast Point Naval Station. At approximately 4:15 A.M., Agent Devarie arrived at Ballast Point Naval Base where the 16 individuals aboard the panga were being held. This area is approximately 10 miles north of the United States/ Mexico International Boundary, and 12 miles west of the San Ysidro, California Port of Entry. Agent Devarie identified himself as a United States Border Patrol Agent and conducted an immigration inspection on all 16 individuals. Of the 16 individuals, 15 individuals, including ENRIQUEZ and BARRERA, and material witnesses, Carlos Alberto CABRERA-Gonzalez, Jairo Armando EVANGELISTA-Rodriguez and Cresencio SALAZAR-Gallardo, stated that they are citizens of Mexico and did not possess any documents that would allow them to enter or remain in the United States

CONTINUATION OF COMPLAINT:
Lucio Brahan ENRIQUEZ-Carrillo,
Ramiro BARRERA-Padilla,

legally. At approximately 4:30 A.M., Agent Devarie placed 15 of the 16 individuals under arrest. One of the individuals who did not understand the English or Spanish languages, was detained and transported to the San Clemente Border Patrol Station to establish citizenship. At the station, the one remaining individual, using a Mandarin translator, claimed to be a citizen of China, that did not possess any documents that would allow him to enter or remain in the United States legally. At approximately 7:03 A.M., Agent Devarie placed the remaining individual under arrest.

The defendant, Lucio Brahan ENRIQUEZ-Carrillo, was read his Miranda Rights. ENRIQUEZ understood and was willing to speak without an attorney present. ENRIQUEZ stated that he has attempted to cross into the United States in two prior vessels. ENRIQUEZ claims that he was the captain of the panga, which was interdicted by the U.S. Coast Guard. ENRIQUEZ stated that their destination was La Jolla, California and that he was going to be paid $1,200 USD per person on board the panga. ENRIQUEZ stated that he threw the GPS device in the water before being arrested. ENRIQUEZ also stated that Ramiro BARRERA-Padilla threw away a cell phone in the water.

The defendant, Ramiro BARRERA-Padilla, was read his Miranda Rights. BARRERA understood and was willing to answer questions without an attorney present. BARRERA stated that he arranged not having to pay to be able to board the panga. BARRERA stated that he was friends with ENRIQUEZ and begged him to let him board the vessel, to which ENRIQUEZ allowed. BARRERA stated that they had to lay face down and if they got up, ENRIQUEZ would tell them to look down. BARRERA stated that ENRIQUEZ was at the back of the boat, while he was at the front of the boat.

Material witnesses, CABRERA, EVANGELISTA and SALAZAR, admitted to being citizens of Mexico illegally present in the United States and not having any documents that would allow them to enter or remain in the United States legally. CABRERA, EVANGELISTA and SALAZAR admitted to making smuggling arrangements, and agreed to pay in between $12,000 - $14,500 USD if successfully smuggled into the United States. CABRERA and SALAZAR both stated that they feared for their lives because of the waves in the ocean. CABRERA, EVANGELISTA and SALAZAR were presented with a photo lineup of several individuals detained on the panga. CABRERA and EVANGELISTA identified the defendant, Lucio Brahan ENRIQUEZ-Carrillo, as being the captain of the panga. CABRERA and EVANGELISTA identified the defendant, Ramiro BARRERA-Padilla, as the one assisting ENRIQUEZ to refuel the panga in this event. EVANGELISTA stated that ENRIQUEZ was the

**CONTINUATION OF COMPLAINT:**
Lucio Brahan ENRIQUEZ-Carrillo,
Ramiro BARRERA-Padilla,

one using a GPS device while driving the boat and that BARRERA was giving directions also. SALAZAR was not able to identify any one out of the photo lineup.

**Executed on June 12, 2021 at 11:00 A.M.**

Jon D. Bowen
Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of three pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on June 11, 2021, in violation of 8 USC 1324(a)(1)(A)(i).

HON. ALLISON H. GODDARD
United States Magistrate Judge

June 12, 2021  3:05 pm
Date/Time